# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA M. OPPÉ,
           Appellant,

v.

NATIONAL AERONAUTICS AND
   SPACE ADMININSTRATION,
          Agency.

DOCKET NUMBER
DC-315H-15-0136-I-1

DATE: May 19, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Angela M. Oppé</u>, New Castle, Washington, pro se.

<u>David S. Schuman</u>, Greenbelt, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her probationary termination for lack of jurisdiction based on the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.[2]

¶2      The appellant filed this appeal challenging her termination while serving a probationary period.[3] Initial Appeal File (IAF), Tab 1. She was appointed by the National Aeronautics and Space Administration (NASA) as a Resources Analyst, GS-0501-12, effective March 8, 2004, subject to a 1-year probationary period. *Oppé v. National Aeronautics & Space Administration*, MSPB Docket No. DC-315H-05-0351-I-1, Initial Decision at 2 (Apr. 28, 2005) (hereinafter *Oppé I*). She was terminated effective February 15, 2005. *Id.* Her termination was the subject of a prior appeal that the administrative judge dismissed for lack of jurisdiction. *See id.* at 1, 5. She did not file a petition for review, and the initial decision became the Board's final decision. Based on the parties' written

---

[2] Some of the dates in the initial decision are inaccurate. We have corrected the initial decision here in that respect.

[3] This appeal was filed more than 30 days after the appellant's receipt of the decision terminating her employment. *See* 5 C.F.R. § 1201.22(b). The administrative judge made no findings on the issue of timeliness. Initial Appeal File, Tab 10, Initial Decision (ID) at 1 n.1. Because the Board lacks jurisdiction over the appeal, he found it unnecessary to reach that issue. *Id.*

submissions, the administrative judge found that the appeal was barred by collateral estoppel and dismissed it.[4] IAF, Tab 10, Initial Decision (ID) at 3-5.

¶3    On review, the appellant claims that the administrative judge failed to consider evidence of which she had recently become aware. *See* Petition for Review (PFR) File, Tab 1 at 4-6. She asserts that she learned that, after it terminated her in 2005, NASA removed from her Official Personnel File a September 28, 1979 Standard Form (SF) 50, which showed that she was a tenured employee who resigned to enter the U.S. Navy, and it substituted a "fraudulent" SF-52, which did not show that she had completed her probationary period. PFR File, Tab 1 at 4-6, 8, 13-14, 28-31; *see Oppé v. Department of State*, MSPB Docket No. DC-315H-15-0137-I-1, Final Order, ¶ 5 (Apr. 10, 2015) (hereinafter *Oppé II*). In 2010, the appellant was terminated from    a position as a Contract Specialist, GS-01102-09, in the International Affairs Branch, Office of Logistics Management, Department of State, while serving a probationary period. *Oppé II*, ¶ 2. In her State Department appeal, she contended that the September 28, 1979 SF-50 shows that she is entitled to lifetime reinstatement rights and benefits pursuant to 5 C.F.R. § 315.401(b) as a 10-point preference-eligible veteran who has already served a probationary period.[5] *Oppé II*, ¶ 5.

¶4    The administrative judge, however, did not fail to consider the appellant's assertion that she had completed a probationary period during a prior period of federal employment. Extensive documentation regarding that issue is in the

---

[4] The appellant requested a hearing, but the administrative judge found that she had failed to raise a nonfrivolous allegation which, if proven, could bring the appeal within the Board's jurisdiction. ID at 1-2 n.2.

[5] Subject to Part 335 of Title 5, Code of Federal Regulations (provisions for promotion and internal placement), an agency may reinstate to the competitive service a person who previously was employed under a career or career-conditional appointment (or equivalent). There is no time limit for the reinstatement eligibility of a preference eligible or a person who completed the service requirement for career tenure. 5 C.F.R. § 315.401(a)–(b).

record.  *See* IAF, Tab 1, Enclosure (Encl.) 2.  Even so, however, he found that the issue of jurisdiction to be precluded by the 2005 appeal.

¶5        Issue preclusion, or collateral estoppel, bars the relitigation of an issue in a Board appeal when:  (1) an issue is identical to the one involved in a prior appeal; (2) the issue was actually litigated in the prior appeal; (3) the determination on the issue in the prior appeal was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).  Further, collateral estoppel may bar a party from relitigating the issue of jurisdiction in a second appeal when the prior appeal was dismissed for lack of Board jurisdiction as it was here.  *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶¶ 10-11 (2003) (collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction).  An issue is considered "actually litigated" when, as here, it was properly raised by the pleadings, submitted for determination, and determined.  *Id.*, ¶ 9.  An appellant is considered to have been fully represented even when she represented herself.  *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (the party need not have been represented by an attorney; rather, the relevant question is whether her interests relevant to the issue being litigated were fully represented in the prior litigation).

¶6        The issue of the Board's jurisdiction here was raised and litigated in the 2005 appeal, and the administrative judge's determination on that issue was necessary to the resulting judgment.  *See Oppé I* at 2-5.  Both parties' interests were fully represented.  In the 2005 appeal, the appellant contended as she does now that she met the requirement of "current continuous service" and the definition of "employee" under 5 U.S.C. § 7511(a)(1).  *See Oppé I* at 3-4.  The administrative judge rejected her claims that she had satisfied the requirement by having served more than 1 year without a break in service in positions at the

Veterans Administration and the Department of the Navy—jobs she had held consecutively between February 15, 1978, and September 28, 1979. *Id.* at 4-5. The administrative judge noted that the "current continuous service" requirement can only be satisfied by the completion of such a period of employment immediately preceding the adverse action in question. *Id.* at 4. The appellant's period of service ended more than 24 years before her March 8, 2004 appointment with the agency. *Id.* The administrative judge dismissed the appeal for lack of Board jurisdiction. *Id.* at 5.

¶7 The administrative judge thus correctly found that the issue of the appellant's probationary termination raised in this appeal was also raised before the Board in 2005 and barred by collateral estoppel. *See* ID at 5. To the extent that the appellant asserts that her discovery of the SF-52 justifies reconsideration, she is simply seeking another bite of the apple. When she was appointed, she was on notice that she was subject to a probationary period. *See* IAF, Tab 1, Encl. 3 at N18. She could have reasonably asked why she was not reinstated pursuant to 5 C.F.R. § 315.401. In any event, the Board lacks jurisdiction over an agency's decision not to reinstate an employee pursuant to 5 C.F.R. § 315.401. *Hicks v. Department of the Navy*, 33 M.S.P.R. 511, 512-13 (1987) (5 C.F.R. § 315.401 does not provide the Board with jurisdiction over an agency's alleged denial of reinstatement rights under that section); *see Fesler v. Department of the Interior*, 52 M.S.P.R. 660, 633 (1992). We also note that the plain language of 5 C.F.R. § 315.401 is permissive rather than mandatory, i.e., "an agency *may* appoint by reinstatement to a competitive service position a person who previously was employed under career or career-conditional appointment (or equivalent)." 5 C.F.R. § 315.401(a) (emphasis added). As a general matter, moreover, a person who is "given a career or career-conditional appointment" must complete a 1-year probationary period. *See* 5 C.F.R. § 315.801(a). The appellant's arguments are thus unavailing, and the administrative judge properly dismissed her appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.